UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CHARLES RANDALL HARRISON,

    Petitioner,

V.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 5: 17-444-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Charles Randall Harrison is an inmate at the Federal Medical Center-Lexington ("FMC-Lexington") in Lexington, Kentucky. Proceeding without a lawyer, Harrison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is before the Court to conduct an initial screening of Harrison's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I.**

On November 7, 1996, Harrison was convicted in the United States District Court for the Northern District of Florida of conspiracy to possess with intent to sell methamphetamine in violation of 21 U.S.C. § 846 and possession with intent to sell methamphetamine in violation of 21 U.S.C. § 841(b). Harrison was sentenced to a 420-month term of incarceration on January 23, 1997. One of several motions by Harrison to vacate his sentence pursuant to 28 U.S.C. § 2255 was successful, resulting in his sentence being reduced to a 360-month term on September 27, 2001. Since that date, Harrison has filed multiple motions in his criminal case seeking relief from his conviction and sentence, albeit without success. *United States v. Harrison*, No. 3: 96-CR-57-RV-MD-3 (N.D. Fla. 1996).

In his most recent § 2241 petition filed in this Court, Harrison argues that the prior drug conviction used to enhance his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A)[1] no longer qualifies as a "controlled substance offense" pursuant to the United States Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). He also claims that the procedures for establishing a prior conviction for purposes of sentencing enhancement set forth in 21 U.S.C. § 851(b) were violated because he was not informed by the District Court that he could not challenge his prior conviction after sentencing.

**II.**

Having thoroughly reviewed Harrison's petition [R. 1], the Court must deny relief because Harrison's claims are not cognizable in a habeas corpus petition under § 2241 and because they are without merit. A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the

---

[1] For clarification purposes, although Harrison's petition at times states that his sentence was subject to a "21 U.S.C. § 851(a)(1) enhancement," Section 851 governs the proceedings to be used to establish prior convictions to be used for enhancement purposes. According to Harrison's petition, his sentence was actually enhanced under 21 U.S.C. § 841(b)(1)(A) as a result of a prior drug conviction.

2

legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 320.

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Harrison's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. First, to the extent that he claims that the trial court erred in its application of the procedures set forth in 21 U.S.C. § 851, this claim is a claim of trial error, which he could and must have asserted before the trial court, upon direct appeal, or in a

motion pursuant to 28 U.S.C. § 2255. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003). For these reason, this claim may not be pursued under 28 U.S.C. § 2241.

Turning to Harrison's claim that the prior conviction used to enhance his sentence no longer qualifies as a "controlled substance offense" in light of *Mathis*, this claim challenges not his conviction, but his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

To be sure, Harrison was sentenced before the Supreme Court decided *Booker*, and he is foreclosed from pursuing his claim in a successive petition under § 2255. Although Harrison argues that he is entitled to relief under *Mathis*, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 307-08. In *Mathis*, however, the Supreme Court made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (holding

4

that the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two decades worth)," nor has *Mathis* been declared retroactive by the Supreme Court). Harrison's challenge to his sentence therefore falls well outside the limited exception articulated in *Hill*, and must be denied.

Even if he were entitled to proceed under § 2241, Harrison's claim is wholly without merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. Cf. *United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016). When making that assessment, the categorical approach guides the district court when comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. See, e.g., *Taylor v. United States*, 495 U.S. 575, 591 (1990).

But Harrison's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed a "felony drug offense." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state

statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis* is simply not relevant to Harrison's circumstances. Cf. *United States v. Harrison*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

### III.

For each of these reasons, Harrison's petition fails to establish any basis for habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. Harrison's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated April 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY