UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CHARLES RANDALL HARRISON,

    Petitioner,

V.

J.C. HOLLAND, Warden,

    Respondent.

Civil Action No. 5: 17-444-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Charles Randall Harrison has filed a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration of the Court's denial of his petition for a writ of habeas corpus. [R. 10] A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Harrison fails to establish that any of these circumstances are present here, thus his motion will be denied.

Harrison continues to argue that the United States Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) should be applied retroactively in this case. However, as the Court previously explained, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the new interpretation announced in the decision must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). For retroactivity purposes, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction

became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(citations omitted)(emphasis in original). Adherence to this rule is particularly important in habeas cases as "[h]abeas corpus always has been a *collateral* remedy, providing an avenue for upsetting judgments that have become otherwise final. It is not designed as a substitute for direct review." *Id*. at 306 (quoting *Mackey v. United States*, 401 U.S. 667, 682 (1971)(Harlan, J., opinion concurring in judgments in part and dissenting in part)(emphasis in original). As recognized by the United States Court of Appeals for the Sixth Circuit, the Supreme Court's holding in *Mathis* was not new, as it "was dictated by prior precedent (indeed two decades worth)," nor has *Mathis* been declared retroactive by the Supreme Court. *In re: Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017). Accordingly, *Mathis* does not apply retroactively to Harrison's claims in his § 2241 habeas petition.

Moreover, in *Mathis*, the Supreme Court applied the "modified categorical approach" to analyze whether a prior state burglary conviction qualified as a "violent felony" for purposes of a sentencing enhancement imposed pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *Mathis*, 136 S. Ct. at 2250-51. In contrast, Harrison's sentence was enhanced as a result of his prior felony drug convictions pursuant to 21 U.S.C. § 841(b)(1)(A). Section 841(b)(1)(A) provides for enhancement of a sentence where the defendant has prior "felony drug conviction," which merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Thus, as the Court previously explained in its Memorandum Opinion and Order dismissing Harrison's petition, Harrison's enhancement involved an entirely different statute with broader language than the "violent felony" enhancement of the ACCA, which was the enhancement at issue in *Mathis*. [R. 8 at p. 5-6]

In addition, even if the Court did apply *Mathis* to this case, it is not entirely clear which of his prior convictions Harrison contends is an improper predicate offense for his sentencing enhancement. In his petition, he claims that he challenges the sentencing court's use of his prior Alabama conviction for unlawful distribution of a controlled substance [R. 1-1 at p. 5], but then he makes reference to Alabama Code § 13A-12-213, unlawful possession of marijuana in the first degree. [R. 1-1 at p. 6] However, in his motion to reconsider, he seems to challenge the trial court's use of a prior conviction for violation of Alabama Code §13A-12-211, unlawful distribution of a controlled substance, for sentencing enhancement purposes. [R. 10 at p. 6]

Regardless, courts applying Alabama law have found that a prior conviction of *either* statute qualifies as a predicate "serious drug offense" for sentencing enhancement purposes under the more exacting requirements of the ACCA. *United States v. White*, 837 F.3d 1225, 1230 (11th Cir. 2016)(reaffirming holding in *United States v. Robinson*, 583 F.3d 1292 (11th Cir. 2009) the a conviction for possession of marijuana under § 13A-12-213 qualifies as a "serious drug offense" under the ACCA); *Mims v. United States*, No. 1:14-CR-0081-SLB-JHE, 2017 WL 2378085, at \*6-8 (N.D. Ala. June 1, 2017)(both convictions for possession of marijuana in the first degree in violation of Ala. Code § 13A-5-213 and unlawful distribution of a controlled substance in violation of Ala. Code § 13A-5-211 qualify as a conviction for a "serious drug offense" under the ACCA). As the Court previously explained, only a prior conviction for a "serious drug offense" qualifies as a predicate drug offense for purposes of an ACCA enhancement, which is a more exacting standard than the "felony drug offense" requirement of the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A). [R. 8 at p. 5-6] Because there can be no question that a conviction of either of these statutes – Ala. Code § 13A-5-213, possession of marijuana in the first degree or Ala. Code § 13A-5-211, unlawful distribution of a controlled substance – "relates to" drugs, a

conviction under either statute qualifies as a "felony drug offense" for purposes of a sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A).

Finally, for the first time, Harrison's motion raises an argument that the definition of "felony drug offense" set forth in 21 U.S.C. § 802(44) is unconstitutionally vague on its face, citing the United States Supreme Court's recent decision in *Sessions v. Dimaya*, __ U.S. __, 138 S.Ct. 1204 (2018). However, *Dimaya* held that the residual clause of the federal criminal code's definition of "crime of violence" set forth in 18 U.S.C. § 16(b) and incorporated into the Immigration and Nationality Act's definition of "aggravated felony" is impermissibly vague in violation of due process. The Court in *Dimaya* did not address 21 U.S.C. § 802(44)'s definition of "felony drug offense" at all, much less suggest that this definition is also unconstitutionally vague.

In summary, Harrison fails to establish that relief under Rule 59(e) is warranted in this case. Indeed, Harrison's attempts to re-argue his case is an inappropriate use of a Rule 59(e) motion. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998)(a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued.")(quoting *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Where a party simply disagrees with the district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (motion to alter or amend judgment is not vehicle for obtaining post-judgment re-argument on issues already decided). Because Harrison has failed to satisfy the requirements for relief under Rule 59(e), his motion to reconsider will be denied.

Accordingly, it is hereby **ORDERED** that Harrison's motion for reconsideration [R. 10] is **DENIED**.

Dated May 22, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY